# UNITED STATES DISTRICT COURT

for the

WESTERN District of MISSOURI

_____ Division

|  |  |  |
|---|---|---|
| Wesley Everette Marks | ) | Case No. _____ |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) |  |
| –v– | ) ) |  |
| "See Attached #1" | ) ) ) |  |
| *Defendant(s)* | ) ) |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) |  |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    Wesley Everette Marks

All other names by which you have been known:    Wesley Edward Marks

ID Number    1270004

Current Institution    South Central Correctional Center

Address    255 West Highway 32

Licking    MO    65542
    *City*     *State*     *Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 2

Name    LaDonna M. Buckner

Job or Title *(if known)*    Warden

Shield Number    Unknown

Employer    Department of Corrections (MO)

Address    255 West Highway 32

Licking    MO    65542
    *City*     *State*     *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 3

Name    Billy Smith

Job or Title *(if known)*    Correctional Officer I

Shield Number    E0142605

Employer    Department of Corrections (MO)

Address    255 West Highway 32

Licking    MO    65542
    *City*     *State*     *Zip Code*

☒ Individual capacity    ☐ Official capacity

Defendant No. 4
 Name     Amy Olade
 Job or Title *(if known)* was / Correctional Officer I
 Shield Number   Unknown
 Employer    was / Department of Corrections (MO)
 Address     was / 255 West Highway 32
       Licking   MO  65542
        *City*    *State*  *Zip Code*

☒ Individual capacity  ☐ Official capacity

Defendant No. 5
 Name     Blakelyan Watts
 Job or Title *(if known)* Correctional Officer I
 Shield Number   Unknown 142720
 Employer    Department of Corrections (MO)
 Address     255 West Highway 32
       Licking   MO  65542
        *City*    *State*  *Zip Code*

See Attached #2 for Defendant(s)
#1 and #6 - 29   ☒ Individual capacity  ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment violation "Excessive Force"; &
Eighth Amendment violation "Denial of Medical Treatment"

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

# ATTACHED #1

Anne L. Precythe
LaDonna M. Buckner
Billy Smith
Amy Olade
Blakelyan Watts
John Doe #1
Michael Sullivan
Sandra Decker
COI Pugh (Male)(first name unknown)
COII Votner (Male)(first name unknown)
John Doe #2
Jacob B. Millspaugh
Michael Pacheco
Craig Simpson
COI Schulte (Male)(first name unknown)
Sean Bonner
Charyl Edington
CCM Herndan
Brett M. Matzenbacher
Gregory Dunmore
Nurse Tiffany (last name unknown)
COI Auther(Male)(first name unknown)
John Doe #3
John Doe #4
John Doe #5
Nurse Bonner (female)(first name unknown)
William Lynch
CCM Wesley (Male)(first name unknown)
Corizon
           Defendant(s)

# ATTACHED No. 2

**Defendant No. 01**

Name — Anne L. Precythe

Job or Title — Director of Missouri DOC

Shield Number — (Unknown)

Employer — Department of Corrections (MO)

Address — 2729 Plaza Dr. / P.O. Box 236

Jefferson City ___ MO ___ 65102

City ___ State ___ Zip Code

☒ Individual Capacity

☒ Official Capacity

**Defendant No. 6**

Name — John Doe #1

Job or Title — Correctional Officer I

Shield Number — (Unknown)

Employer — Department of Corrections (MO)

Address — 255 West Highway 32

Licking ___ MO ___ 65542

City ___ State ___ Zip Code

☒ Individual Capacity

**Defendant No. 7**

Name — Michael Sullivan

Job or Title — Nurse or Registered Nurse

Shield Number — (Unknown)

Employer — Was / Corizon

Address — Was / 255 West Highway 32

Licking ___ MO ___ 65542

City ___ State ___ Zip Code

☒ Individual Capacity

Defendant No. 8
  Name                                 Sandra Decker
  Job or Title                         Correctional Officer I
  Shield Number                        (unknown)
  Employer                             MO Dept. of Corrections
  Address                              255 West Highway 32
[X] Individual Capacity                Licking          MO      65542
                                         City           State   Zip Code


Defendant No. 9
  Name                                 COI Pugh (male) (first name unknown)
  Job or Title                         Correctional Officer I
  Shield Number                        (unknown)
  Employer                             MO. Dept. of Corrections
  Address                              255 West Highway 32
[X] Individual Capacity                Licking          MO      65542
                                         City           State   Zip Code


Defendant No. 10
  Name                                 COII Volner (male) (first name unknown)
  Job or Title                         Correctional Officer II
  Shield Number                        (unknown)
  Employer                             MO. Dept. of Corrections
  Address                              255 West Highway 32
                                       Licking          MO      65542
[X] Individual Capacity                  City           State   Zip Code

Defendant No. 11
   Name
   Job or Title
   Shield Number
   Employer
   Address

[X] Individual Capacity

John Doe #2
Correctional Officer II
(Unknown)
MO Dept. of Corrections
255 West Highway 32
Licking     MO  65542
City     State  Zip Code


Defendant No. 12
   Name
   Job or Title
   Shield Number
   Employer
   Address

[X] Individual Capacity

Jacob B. Millspaugh
Correctional Officer I
E0146006
MO. Dept. of Corrections
255 West Highway 32
Licking     MO  65542
City     State  Zip Code


Defendant No. 13
   Name
   Job or Title
   Shield Number
   Employer
   Address

[X] Individual Capacity

Michael Pacheco
Correctional Officer I
(Unknown)
Mo. Dept. of Corrections
255 West Highway 32
Licking     MO  65542
City     State  Zip Code

Defendant No. 14
  Name
  Job or Title
  Shield Number
  Employer
  Address

☒ Individual Capacity

Craig Simpson
Correctional Officer I
~~(unknown)~~ (Unknown)
MO. Dept. of Corrections
255 West Highway 32
Licking   MO   65542
City    State   ZipCode

Defendant No. 15
  Name
  Job or Title
  Shield Number
  Employer
  Address

☒ Individual Capacity

COI Schulte (Male)(first name unknown)
Correctional Officer I
(unknown)
Mo. Dept. of Corrections
255 West Highway 32
Licking   MO   65542
City    State   ZipCode

Defendant No. 16
  Name
  Job or Title
  Shield Number
  Employer
  Address

☒ Individual Capacity

Sean Bonner
Correctional Officer I
~~(unknown)~~ ED141001
Mo. Dept. of Corrections
255 West Highway 32
Licking   MO   65542
City    State   ZipCode

Defendant No. 17
Name
Job or Title
Shield Number
Employer
Address

[X] Individual Capacity

Charyl Edington
Director of Nursing
(Unknown)
Corizon
~~Corizon~~ 255 West Hwy 32
Licking      MO    65542
City         State  Zipcode

Defendant No. 18
Name
Job or Title
Shield Number
Employer
Address

[X] Individual Capacity

CCM Herndan
Case Manager
(Unknown)
Mo. Dept. of Corrections
255 West Hwy 32
Licking      MO    65542
City         State  ZipCode

Defendant No. 19
Name
Job or Title
Shield Number
Employer
Address

[X] Individual Capacity

Brett M. Matzenbacher
~~Correctional~~ Correctional Program SPEC.
E013993
Mo. Dept. of Corrections
255 West Hwy 32
Licking      MO    65542
City         State  Zip Code

Defendant No. 20
Name
Job or Title
Shield Number
Employer
Address

Gregory Dunmore
Mental Health (unknown)
(Unknown)
Corizon / Mo. Dept. of Corrections
255 W. Hwy 32

| Licking | MO | 68542 |
|---|---|---|
| City | State | ZipCode |

[x] Individual Capacity

Defendant No. 21
Name
Job or Title
Shield Number
Employer
Address

Nurse Tiffany (Last name unknown)
Nurse (unknown)
(unknown)
Corizon
255 W. Hwy. 32

| Licking | MO | 65542 |
|---|---|---|
| City | State | ZipCode |

[x] Individual Capacity

Defendant No. 22
Name
Job or Title
Shield Number
Employer
Address

COI Auther (Male)(first name unknown)
Correctional Officer I
(Unknown)
Mo. Dept of Corrections
255 W. Hwy. 32

| Licking | MO | 65542 |
|---|---|---|
| City | State | ZipCode |

[x] Individual Capacity

Defendant No. 23
Name
Job or Title
Shield Number
Employer
Address

John Doe #3
Correctional Officer I
(Unknown)
Mo. Dept. of Corrections
255 W. Hwy 32

| Licking | MO | 65542 |
|---|---|---|
| City | State | ZipCode |

[x] Individual Capacity

Defendant No. 24
 Name
 Job or Title
 Shield Number
 Employer
 Address
 ☒ Individual Capacity

John Doe #4
Correctional Officer I
(Unknown)
Mo. Dept. of Corrections
255 West Hwy 32
Licking        MO      65542
City           State   Zipcode

Defendant No. 25
 Name
 Job or Title
 Shield Number
 Employer
 Address
 ☒ Individual Capacity

John Doe #5
Correctional Officer I
(Unknown)
Mo. Dept. of Corrections
255 W. Hwy 32
Licking        MO      65542
City           State   Zipcode

Defendant No. 26
 Name
 Job or Title
 Shield Number
 Employer
 Address
 ☒ Individual Capacity

Nurse Bonner (female) (first name unknown)
Nurse (unknown)
(Unknown)
Corizon
255 W. Hwy. 32
Licking        MO      65542
City           State   Zipcode

Defendant No. 27
 Name
 Job or Title
 Shield Number
 Employer
 Address
 ☒ Individual Capacity

William Lynch
Eye Doctor (unknown)
(unknown)
Corizon
255 W. Hwy. 32
Licking        MO      65542
City           State   ZipCode

Defendant No. 28
  Name
  Job or Title
  Shield Number
  Employer
  Address

  [X] Individual Capacity

CCM Wesley (Male)(firstname unknown)
Case Manager (unknown)
133298
Mo. Dept. of Corrections
255 W. Hwy 32
Licking            MO       65542
City               State    ZipCode

Defendant No. 29
  Name
  Job or Title
  Shield Number
  Employer
  Address

[X] Individual Capacity
[X] Official Capacity

Corizon
Contracted Medical Provider
unknown
Dept. of. Corrections (Contracted)
255 W. Hwy 32
Licking            MO       65542
City               State    ZipCode

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(See Attached #3)

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

(See Attached #4)

## II. D.

Defendant <u>Anne L. Precythe</u> is the Director of the State of Missouri Department of Corrections. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including South Central Correctional Center;

Defendant <u>LaDonna Micheal Buckner</u> is the Warden of South Central Correctional Center. She is legally responsible for the operation of South Central Correctional Center and for the welfare of all the inmates in that prison;

Defendant <u>Billy Smith</u> is a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant <u>Amy Olade</u> is/was a Correctional Officer of the Missour Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer I, and was assiged to SCCC;

Defendant <u>Blakelyan Watts</u> is a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer II, and was assigned to SCCC;

1/7

Defendant John Doe #1 is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant Michael Sullivan is/was a Nurse for Corizon, (a medical provider for the Missouri Department of Corrections) who, at all times mentioned in this complaint held the rank of Nurse or RN, and was assigned to SCCC;

Defendant Sandra Decker is a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer II, and was assigned to SCCC;

Defendant COI Pugh (firstname unknown) is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant COII Volner (first name unknown) is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer II, and was assigned to SCCC;

Defendant John Doe #2 is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer II, and was assigned to SCCC;

Defendant Jacob B. Millspaugh is/was a Correctional Officer, of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant Michael Pacheco is/was a Correctional Officer, of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant Craig Simpson is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer II, and was assigned to SCCC;

Defendant COI Schulte (first name unknown) is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant Sean Bonner is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer II, and was assigned to SCCC;

Defendant Charyl Edington is/was a Registered Nurse for Corizon (a medical provider for the Missouri Department of Corrections) who, at all times mentioned in this complaint held the rank of Registered Nurse, Director of Nursing, and was assigned to SCCC;

Defendant Herndan (first name unknown) is/was a Case Manager of the Missouri Department of Corrections who, at all times mentioned in this Complaint held the Rank of Case Manager II, and was assigned to SCCC;

Defendant Brett M. Matzenbacher is/was a Case manager of the Missouri Department of Corrections who at all times mentioned in this complaint held the rank of Correctional Program Speci, and was assigned to SCCC;

Defendant Gregory Dunmore is/was a Mental Health employee of the Missiour Department of Corrections who, at all times mentioned in this complaint held the rank of (Rank Unknown), and was assigned to SCCC;

Defendant Tiffany (Last name unknown) is/was a nurse for Corizon (a medical provider for the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Registered Nurse and was assigned to SCCC;

Defendant Auther (Male)(first name unknown) is/was a Correctional officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

5/7

Defendant John Doe #3 is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant John Doe #4 is/was a Correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant John Doe #5 is/was a correctional Officer of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Correctional Officer I, and was assigned to SCCC;

Defendant Bonner (female) (first name unknown) is/was a Nurse for Corizon (a medical provider for the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Registered Nurse, and was assigned to SCCC;

Defendant William Lynch is/was a Eye Doctor for Corizon (a medical provider for the Missouri Department of Corrections) who, at all times mentioned in this complaint held the rank of Eye Doctor, and was assigned to SCCC;

Defendant CCM Wesley (first name unknown) is/was a Case Manager of the Missouri Department of Corrections who, at all times mentioned in this complaint held the rank of Case Manager, and was assigned to SCCC;

Defendant Corizon is/was a medical provider of the Missouri Department of Corrections who, at all times mentioned in this complaint was contracted to the MDOC and is/was responsible for all the inmates at SCCC to provide medical treatment to them according to their medical needs;

Each defendant is sued in his/her individual capacity with the exception of defendant(s) number(s) 1. Anne L. Precythe; 2. LaDonna M. Buckner; & 29. Corizon, who are sued in their individual and offical capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

ATTACHED #4

IV. Statement of Claim  B.

1. On 11/7/2021 at approximately 3:47pm Defendant Billy Smith used excessive force on ~~an~~ Plaintiff when he pepper sprayed Plaintiff with the spray can inches away from his face. This was done in front of HU2 at SCCC; and while Plaintiff was handcuffed behind his back and laying on the ground;

2. On 11/7/21 at approx. 3:48pm Defendant(s) Amy Olade; Blakelyan Watts; Billy Smith; & John Doe #1, used excessive force on Plaintiff when they jumpped on him & carried him from HU2 to HU1. This was done in front of HU2 and ended in HU1; at SCCC; and while Plaintiff was handcuffed behind his back and laying on the ground;

3. On 11/7/21 at approx. 3:48pm Defendant Blakelyan Watts used excessive force against/on Plaintiff when she maced him with the can inches away from his face. This was done in HU1 at SCCC; and while Plaintiff was hancuffed behind his back and laying on the ground;

4. After all of the claims above Plaintiff was drug across the floor in HU1 and slamed on a security bench having excessive force used against him again in that he was still

handcuffed. Multiple Staff members were bending his wrist. Plaintiff was blinded by the two blast of mase/pepper spray and couldn't see who was there but could hear Defendant(s) Olade, Smith, and Watts calling him "niggers" and saying to "make the cuffs and leg restraints tighter"; All of this took place in HU1 on 11/7/21 at approx. 3:50pm;

5. On 11/7/21 moments after the above mentioned claim(s) took place; Plaintiff asked for medical attention to get the chemicals from the mase/pepper spray cleaned from his eyes. Immediately Plaintiff could hear Defendant Michael Sullivan laughing and taunting him saying that "you shouldn't have been messing with my girl Olade", in doing this denied Plaintiff medical treatment; again this took place in HU1 while Plaintiff was cuffed and shackled to a security bench;

6. Defendant John Doe #1 (Male unknown) also was present and involved in the excessive use of force in that he was one of the 4 Correctional Officer(s) (Along with Blakelyan Watts[holding aright arm]; Billy Smith [holding Plaintiffs left arm]; Amy Olade [holding one of Plaintiff's legs]; & John Doe #1 [holding other leg] (last two Defendants) were acting under the

these four officers jummped on, carried, & drug Plaintiff after he had been sprayed w/pepper spray and while a Plaintiff was handcuffed behind his back & not resisting the restraint. This took from HU2 to HU1 at SECC on 11/7/21 at approx. 3:47pm - 3:50pm;

7. Defendant(s) Billy Smith; Amy Olade; Blakelyan Watts; John Doe #1; Michael Sullivan; Sandra Decker; ~~illegible~~ COI Pugh & COI Volner; ~~illegible~~ denied Plaintiff medical treatment/attention on 11/7/2021 between the times of 3:55pm (approx.) - 5:00pm (approx.); during this time Plaintiff was handcuff behind his back & cuffed and shacklled to the security bench; also during this time medical staff did not asses Plaintiff nor did they clean the mase chemicals out of his eyes;

8. On 11/7/21 at approx. 1030pm - 11pm Plaintiff was Denied medical treatment by Defendant John Doe #2 ~~after~~ in that he refused to call medical after Plaintiff had requested a "medical emergency" telling the defendant that he couldn't see out of his left eye after being sprayed with mase;

9. Defendant(s) Billy Smith; Amy Glade; Blakelyan Watts; John Doe #1; Michael Sullivan; Sandra Decker; COI Pugh; & COI Volner subjected Plaintiff to cruel & unusual punishment stemming from the excessive forces & the denial of medical treatment ~~mental~~ by leaving defendant in suicide cell after being mased/peppersprayed for a full (almost) 48 hours without access to a shower to clean off the mase chemicals from his hair, face, body, and eyes. This took place at SCCC's HU1 cell 112-A wing between the dates and times of 11/7/21 at approx. 5:00pm - 11/9/21 approx. a little after dinner (time unknown);

10. Defendant John Doe #2 subjected Plaintiff to cruel & unusual punishment by denying him medical treatment & forcing him back into cell 112-A wing after he asked for a nurse to come look at his eye and to rinse it out due to him not being able to see out of his left eye after being sprayed; this took place in HU1 at approx. 10:30-11pm on 11/7/21; He (John Doe #2) then left Plaintiff in cell 112-A wing for an approx. 41 hours before allowing him access to a shower to clean the mase chemicals off of his body, hair, & face; from approx. 10:30pm on 11/7/21 to approx. a little after dinner (time unknown) on 11/9/21;

11. Defendant(s) Jacob B. Millspaugh; Michael Pacheco; Craig Simpson; & Amy Olade subjected Plaintiff to cruel & unusual punishment by denying him medical treatment after he specifically told all (4) defendant(s) that he could not see out of his eye (left); this took place in HU1 cell 112-A wing at approx. 2:10pm on 11/8/21; then these (4) defendants left Plaintiff in the suicide cell without any access to a shower for him to clean the mase chemicals off of his body, hair, & face; from approx. 2:10pm on 11/8/21 to approx. a little after ~~dinner~~ dinner (time unknown) on 11/9/21; an approx. 27 Hours;

12. On 11/9/21 at approx. a little after dinner (time unknown); Plaintiff was finally allowed to use a shower to clean the mase chemicals off of him. At this time Plaintiff asked for a Code 16 (Medical Emergency) to be called by Defendant COI Schulte due to him having lost vision in his left eye & not being able to see; however Defendant COI Schulte denied Plaintiff medical treatment by not calling medical to asses him; this took place in HU1 A wing (Plaintiff was assigned to cell 112);

13. On 11/10/21 at approx. (time unknow) (after Plaintiff was put in HU2 cell 249). Defendant(s) Billy Smith; & Sean Bonner denied Plaintiff medical treatment by not calling in the Code 16 that he had requested in telling them both that he could not see out of his left eye; this took place in HU2-C-249 during a reading of the Conduct Violation from 11/7/21's use of force incident;

5/11

14. On 11/12/21 at approx. Noon med pass Defendant Chary Edington denied Plaintiff medical treatment by not assesing him after he had told her that he couldn't see out of his left eye; this took place in HU2-C wing at cell 249;

15. On 11/12/21 at approx. 2:05pm in HU2-Cwing-cell 249; Defendant CCM Herndan denied Plaintiff medical treatment after he had advised the defendant that he couldn't see out of his left eye; He refused to contact medical;

16. On 11/12/21 at approx. 2:15pm in HU2-C wing-Cell 249; Defendant Brett M. Matzenbacher denied Plaintiff medical treatment after Plaintiff had advised him that he couldnt see out of his left eye; he refused to contact medical;

17. On 11/14/21 at approx. Dinner pass out (and again at tray pick up) Defendant Sandra Decker denied Plaintiff medical treatment by not contacting medical when he told her that he couldnt see out of his left eye twice; this took place in HU2-Cwing-Cell 249;

18. On 11/14/21 at approx. Evening Med Pass Defendant Michael Sullivan denied Plaintiff medical treatment after he told the defendant that he couldnt see out of his left eye; this took place in HU2-Cwing-Cell 249;

19. On 11/15/21 Defendant Michael Sullivan denied Plaintiff medical care by not assessing him after he told the defendant he couldn't see out of his left eye; this was done during noon med pass in HU2-C-249;

20. On 11/15/21 at approx. Lunch pick up time; Defendant Corizon ~~Employee~~ (Nurse Unknown) denied Plaintiff medical care after COI Waldorf (male) (first name unknown) called in a medical emergency after Plaintiff advised him of his injury to his left eye; Corizon employees however, did not respond to the call or come asses the Plaintiffs eye; the call was done over the institutional raido in HU2-C while he was in cell 249

21. On 11/15/21 at approx. 2:25pm; Defendant Corizon; ~~employee~~ (Nurse Unknown) denied Plaintiff medical care after Defendant COI Auther called in a medical emergency over the institutional radio after Plaintiff advised him that he couldn't see out of his left eye; Corizon employees however, did not respond to the call or come to asses him; this was in HU2-C-cell 249;

22. On 11/16/21 at approx. 7:30pm; Defendant Corizon; ~~employee~~ (Nurse(s) unknown) denied Plaintiff medical care after COI Johnson (male) (first name unknown) called in a medical emergency over the institutional radio after Plaintiff advised him that he couldn't see out of his left eye; Corizon employee(s) did not respond to the call or come to asses his eye; this was in HU2-C-cell 249.

23. On 11/16/21 at approx. "some time after dinner"; Defendant Michael Sullivan denied Plaintiff medical care by not assessing him after he told the defendant that he still couldn't see out of his left eye; this was done in HU2-C while the defendant was doing rounds & advising people of their eye doctors appointments the next day; Michael Sullivan also refused to put the Plaintiff on the list to see the doctor;

24. On 11/22/21 at approx. "some time after lunch"; Defendant Michael Sullivan denied Plaintiff medical care after he advised the defendant that he still couldn't see out of his left eye; this took place in HU2-C&D wing sally port;

25. On 11/23/21 at approx. "some time after lunch"; Defendant Gregory Dunmore denied Plaintiff medical care by not calling medical after he advised the defendant of his injury; this was done during a prea interview in HU2-C cell 137;

26. On 12/6/21 at approx. "KOP Med Pass Out"; Defendant Michael Sullivan was advised by Plaintiff of his eye again & denied him medical care again; this was in HU2-C cell 249;

27. On 12/8/21 at approx. "4:20pm", Defendant Corizon, (nurse(s) unknown) denied Plaintiff medical care after COI Weinberger (Male)(first name unknown) called in a medical emergency for Plaintiffs loss of vision in his left eye; no nurse responded or assesed his injury; this took place in HU2-C-cell 249;

28. On 12/16/21 at approx. "Almost 10:30count"; Defendan Nurse Tiffany denied Plaintiff medical care after he advised her of his injury & she refused to pull him out & check on him/asses him; this was done in HU2-C cell 249;

29. On 12/17/21 at approx. "9am" Defendant(s) Auther; John Doe #3; John Doe #4; & John Doe #5; denied Plaintiff medical care in that they refused to allow him to go to his medical appointment for his injury; this was done in HU2-C-249;

30. On 12/30/21 at approx "10am"; Defendant Nurse Bonner denied Plaintiff medical care by not giving him anything to rinse his eye out or any pain medication for his eye pains; also by not sending Plaintiff to an eye specialist immediately due to the medical emergency of the Plaintiff not being able to see; this was done in HU2-C-137;

31. On 1/7/22 at approx. (time unknown; but "Eye appointment") Defendant William Lynch denied Plaintiff medical care by not prescribing him any pain medication for his eye or rinsing/flushing his eye out after he specifically told the defendant that he couldn't see out of his eye after being mased & that the eye was in pain & irratating him; this was done in the medical unit during Plaintiffs appointment;

32. On 11/17/21 at approx. "11:32am"; Defendant CCM Wesley denied plaintiff medical care by not calling in a medical emergency after Plaintiff advised him that he couldnt see out of his left eye; this took place in HU2C-249;

33. Between the dates of 11/10/21 and 12/30/21 Plaintiff had put in 16 Health Service Request for something that is labled as a "emergency condition that requires 'immediate' attention in order to preserve life or body function" by the Missouri Department of Corrections; all the Health Service Request Forms were turned in to Defendant Corizon; however ~~cooperated their care one~~ the defendant denied Plaintiff medical care by not assessing him ~~or~~ or providing medical treatment; this was done in HU2-C-249; All HSR's were turned in from that cell number;

34. All of the aboved mentioned Defendant(s) are subordinates of Defendant Anne L. Precythe and/or Defendant LaDonna M. Buckner; Both Defendant(s) Precythe & Buckner approved of their subordinate(s) actions in that they did not correct or even attept to correct their actions in the Grievance Process; thus, Both Defendant LaDonna M. Buckner and Defendant Anne. L. Precythe has also denied plaintiff medical treatment and allowed for excessive force to be used against him;

C.   What date and approximate time did the events giving rise to your claim(s) occur?

11/7/21 at approximatly 4:00pm (Excessive Force)
Between 11/7/21 and 1/7/22 [see attached] (Denied Medical Treatment)
#5

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached #6

## V.   Injuries

If you sustained injuries related to the events alleged **above**, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My vision has been impaired in my left eye as a result of the use of force and continued denial of medical attention after the incident. I am going to need glasses now to see out of my left eye clearly and/or maybe even laser eye surgery in the future to regain full vision without the help of glasses. Also I am having head achs every day or when bright light hits my left eye & will need pain medication to help with the pain.

VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I want for the Court to order for each defendant to pay: $90,000 USD in Compensatory Damages (for pain & suffering & for my vision being impaired by their actions) However I want for Defendant Corizon to pay $3 million USD (for the same) ... Also:
                    in Compensatory Damages
I want each defendant to pay: $50,000 USD in Punitive Damages (for their reckless and callous indifference to my rights) However, I want for Defendant Corizon to pay $500,000 in Punitive Damages (for the same) & lastly for an immediate restraining order against each defendant.

IV. C  Denial of Medical Treatment

Date                    Time

11/7/21  approx. 4:00pm – 5:00pm

11/7/21  approx. 10:30pm – 11pm

11/8/21  approx. 2:10pm

11/9/21  approx. (after dinner pick up)

11/10/21  approx. 9Am

11/10/21  approx. Morning (unknown) 2nd Shift [HSR] #1

11/11/21  approx. morning (unknown) 2nd Shift [HSR] #2

11/12/21  approx. morning (unknown) 2nd Shift [HSR] #3

11/12/21  approx. Noon Med Pass (unknown) 2nd Shift

11/12/21  approx. 205pm

11/12/21  approx. 215pm

11/14/21  approx. Dinner Pass out & Pick up (unknown) 3rd Shift

11/14/21  approx. Evening Med Pass (unknown) 3rd Shift

11/15/21  approx. Morning (unknown) 2nd Shift [HSR] 4th

11/15/21  approx. Noon Med Pass (unknown) 2nd Shift

<u>Date</u>                    <u>Time</u>

11/15/21 approx. Lunch Pick up (unknown) 2nd Shift

11/15/21 approx. 2:25 pm

11/16/21 approx. ~~6:00~~ morning (unknown) 2nd Shift [HSR] #5

11/16/21 approx. 7:30 pm

11/16/21 approx. Sometime after dinner (Unknown) 3rd Shift

11/17/21 approx. Morning (Unknown) 2nd Shift [HSR] #6

11/18/21 approx. Morning (unknown) 2nd Shift [HSR] #7

11/19/21 approx. Morning (unKnown) 2nd Shift [HSR] #8

11/22/21 approx. Morning (unknown) 2nd Shift [HSR] #9

11/22/21 approx. After lunch (unknown) 2nd Shift

11/23/21 approx. Morning (unknown) 2nd Shift [HSR] #10

11/23/21 approx. After lunch (unknown) 2nd Shift

11/24/21 approx. Morning (unknown) 2nd Shift [HSR] #11

11/29/21 approx. Morning (unknown) 2nd Shift [HSR] #12

11/30/21 approx. Morning (unknown) 2nd Shift [HSR] #13

12/1/21 approx. Morning (unknown) 2nd Shift [HSR] #14

12/2/21 approx. Morning (unknown) 2nd Shift [HSR] #15

12/6/21 approx. During KOP Meds Pass out (unknown)

12/8/21 approx. 4:20pm

12/16/21 approx. Almost ~~10:30am~~ Count (unknown) 2nd Shift

12/17/21 approx. Morning (unknown) 2nd Shift (#1) [HSR] #16

12/17/21 approx. Morning (unknown) 2nd Shift (#2) [Medical Appo.]

12/30/21 approx. 10am

~~approx.~~

12/30/21 - 1/7/22

1/7/22 approx. At appointment (unknown) 2nd Shift
(During Appointment w/ Eye Doctor)

NOTE:

HSR = Health Service Request

16 were entered before I was finally seen on 12/30/21.

# ATTACHED #6

## IV.D.

- On 11/7/21 at approx. 3:47pm-4pm while Plaintiff was being escorted from HU2 to HU1 by Defendant(s) Billy Smith and Amy Olade; Plaintiff asked for another Correctional Officer instead of Smith to escort him due to Smith making sexual comments towards him just moments earlier;

- At that time Plaintiff was denied & he attempted to lay on the ground. Immediately once Plaintiff was laying on the ground (handcuffed behind his back and faced down) Defendant Billy Smith peppersprayed him directly in his face and hair;

- Seconds later multiple Correctional Officers (including Defendant(s) Amy Olade; Blakelyan Watts; Billy Smith; and John Doe #1) jumped on Plaintiff and began to bend/fold his legs; all of this taking place while Plaintiff was not resisting & while he was subdued with wrist restraints; the defendant(s) then carried Plaintiff from HU2 to HU1;

- Once inside of HU1 Defendant Blakelyan Watts ^sprayed the Plaintiff for a second time in less than 2 minutes; again he was handcuffed behind his back, not resisting, and with an approximate 4-5 Correctional Officer's holding on to him; and again Plaintiff was sprayed directly in his face & hair; Defendant ~~Blakelyan~~ Blakelyan Watts also failed to document this "Use of force" incident and/or report it;

• Seconds later Plaintiff was drug accross the floor and slamed on a security bench in HU1; he was handcuffed and shackled to the bench and left there for approximately 45mins - 1 Hour before being removed from the bench and escorted to cell 112 in HU1-A wing; Offender Karl Henderson #1297561 witnessed this;

• During the restraint to the bench Plaintiff was blinded due to the pepper spray/mase; but could feel his ~~wooso~~ Wrist being bent & could hear Defendant(s) Olade; Smith; and Watts calling him "niggers" and saying to "make the cuffs and leg restraints tighter"

• During the 45minutes - 1 Hour of sitting on the bench medical staff did not asses him or his injuries; in fact Plaintiff could hear Defendant Michael Sullivan taunting him and saying that "Plaintiff should not have messed with his girl Olade";

• Also during this 45min - 1 Hour period Plaintiff could hear Defendant(s) Sandra Decker; COI Pugh; and COII Volner talking and making fun of the situation and Plaintiffs pleas for medical help due to the Chemicals burning his eyes; however, all of Plaintiffs request for medical help was laughed at and joked about;

• Plaintiff advised Defendant(s) Michael Sullivan; Sandra Decker; COI Pugh and COII Volner that he could not see and that his eyes were burning; also Plaintiff asked defendant Sullivan multiple times to please clean his eyes out; however, all of his crys/request for help were ignored and laughed at;

• At approximately 5:00pm; Plaintiff was removed from the security bench and placed in a strip out cage; Defendant COII Volner gave Plaintiff (1) one wet paper towle to wipe his face off; Plaintiff advised him that he could not see and asked for/to see medical staff in a attempt to get his eyes cleaned out; however, Volner told him to use the prisons HSR (Health Service Request) form to file a complaint; Volner then threatened Plaintiff with more mase if he didn't comply and go into the cell (Cell 112 in HU1-A wing);

• After being placed in cell 112 Plaintiff began to rinse his eyes & face out/off in the sink; Once Plaintiff finally got both eyes opened his left eye site was completly blurred;

• At 10:30pm-11pm (approximately) that night Plaintiff was removed from cell 112 and placed back on the security bench. During this time he advised Defendant John Doe #2 (Sgt from 1st Shift 11/8/21 in HU1) of his vision being blurred in his left eye and of him not being able to see; Plaintiff asked John Doe #2 to see medical; however, Plaintiff was denied medical care;

• On 11/8/21 at approx. 2:10pm Plaintiff requested a medical emergency with Defendant(s) Jacob BMillspaugh and Michael Pacheco due to him not being able to see out of his eye; however both defendants refused to call it in; As a result of the denial Plaintiff took his food port hostage and requested to speak with the Sgt.; Defendant Craig Simpson responded and Plaintiff again requested a medical emergency; however defendant Simpson refused to call medical but called CIT (Crisis Intervention Team); defendant Amy Olade was Called in as CIT; at that time Plaintiff advised Olade of his medical emergency in which she responded by lifting her hat and pointing to a mark on her forehead and saying that (quoat) "no one reported my injuries so im not reporting yours"..."either move your hand or you are going to get sprayed again and lose your other eye" (un-quoat); at that time Plaintiff removed his hand from the food port and allowed for it to be closed; Medical staff was not contacted and Plaintiff received a CDV (Conduct Violation) for the incident and placed on meal loaf (alternate meal) for 3 days all for requesting medical care for his loss of vision;

• On 11/9/21 after dinner pick-up; Plaintiff was finally allowed to take a shower after being left in cell 112 with mace in his hair and on his body for an approximate 48 hours; During this time Plaintiff complained to Defendant(s) COI Pugh and COI Schulte about his eye and requested medical attention; however he was denied and told to fill out a HSR;

• On 11/10/21 Plaintiff put in a HSR while in HU2-C-249 about the vision in his left eye which was taken in the morning by Defendant Michael Sullivan; medical staff didn't respond to the emergency

• Later that day Plaintiff requested a medical emergency for his eye with both Defendant(s) Sean Bonner and Billy Smith during the reading of a CDV from the incident on 11/7/21; that resulted in his eye being injured; both officers laughed and defendant Sean Bonner told Plaintiff to file a IRR (Grievance) since he liked to do that so much and defendant Smith said that the IRR wouldn't work and that he had sprayed so many niggers and he still was there (working at SCCC); neither defendant contacted medical staff to see Plaintiff; Ival Stinnett #132019 witnessed this;

• On 11/11/21 Plaintiff put in a 2nd HSR about his eye which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the emergency;

• On 11/12/21 Plaintiff put in a 3rd HSR about his eye which was taken in the morning from cell 249 in HU2 by medical staff; medical staff did not respond to the emergency;

• Later that day (11/12/21) during noon meds pass; Plaintiff advised Defendant Charyl Edington about his vision in his eye; defendant Edington told him that she had just done sick-call and that she didn't have any HSR for him; Plaintiff advised her that it was an emergency

and that he couldn't see; however defendant Edington refused to see him or report his injuries;

• Also at approx. 2:05 (11/12/21) Plaintiff advised defendant CCM Herndan of his vision in his eye; however, defendant Herndan refused to contact medical staff; Then at approx. 2:15pm Plaintiff advised defendant Brett M. Matzenbacher of his injury and asked for a medical emergency; however, defendant Matzenbacher refused to contact medical staff;

• On 11/14/21 during Dinner Pass-out & pick-up; Plaintiff advised defendant Sandra Decker of his vision in his eye and requested a medical emergency; however, she refused to contact medical staff and/or report his injury;

• Later that night during evening med pass; Plaintiff advised Defendant Michael Sullivan of his vision in his eye and asked for something to rinse his eye out and for the pain in the back of his eye; however defendant Sullivan refused Plaintiff medical attention/treatment/care and told him to fill out another HSR;

• On 11/15/21 Plaintiff put in a 4th HSR about his eye which was taken in the morning by medical staff from cell 249 in HU2; medical staff didnot respond to the medical emergency;

• On 11/15/21 during noon med pass Plaintiff advised Defendant Michael Sullivan of his vision in his eye being gone and requested a medical emergency; however, defendant Sullivan replied by saying [Quoat] "you wont die because of it" [Un-Quoat];

• On 11/15/21 during lunch Pick-Up Plaintiff advised COI Waldorf of his eye and requested a medical emergency; COI Waldorf (Male) called in a Code 16 (Medical Emergency) over the institutional radio that Plaintiff needed medical attention due to him not being able to see; however, Corizon Staff didn't respond to the call or come to asses him;

• Later that day at approx. @ 2:25pm Plaintiff advised Defendant Auther of his eye and requested a medical Emergency; COI Auther Called in a Code 16/Self-declare over the institutional radio that Plaintiff needed medical attention for him not being able to see; however, Corizon Staff did not respond to the emergency or come to asses him;

• On 11/16/21 at approximatly 7:30pm Plaintiff advised COI Johnson (Male) of his injury and COI Johnson called in a Self-Declare/Medical Emergency over the institutional radio for Plaintiff due to him not being able to see; however, Corizon Staff did not respond to the call or come to asses his injury;

• On 11/16/21 Plaintiff put in a 5th HSR about his eye & vision which was taken in the morning by medical Staff from Cell 249 in Hu2; medical Staff didnot respond to the medical emergency;

• On 11/16/21 sometime after dinner Defendant Michael Sullivan did rounds and advised multiple offenders of their eye doctor appointments the next day (11/17/21); during this time Plaintiff asked defendant Sullivan to look at his eye and defendant Sullivan told Plaintiff

to fill out another HSR; Plaintiff advised defendant Sullivan that he could not see and that it was an emergency; however defendant Sullivan refused to see him;

• On 11/17/21 Plaintiff put in a 6th HSR about his vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• Later that day (approx. 11:32am) during a CDV hearing for the CDV received on 11/8/21 for Plaintiff refusing to close his food port; Plaintiff advised Defendant CCM Wesley of his injury and requested a medical emergency; however, defendant Wesley refused to call in a medical emergency ever after Plaintiff told him that he had lost his vision in his left eye;

• On 11/18/21 Plaintiff put in a 7th HSR about his vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 11/19/21 Plaintiff put in a 8th HSR about his vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 11/22/21 Plaintiff put in a 9th HSR about his vision which was taken in the morning by Medical Staff from cell 249 in HU2; medical Staff did not respond to the medical emergency;

• Later that day (11/22/21) some time after lunch; Plaintiff was removed from Cell 249 and escorted to the back office in HU2 and finally allowed to file his PREA Complaint against Defendant Billy Smith for making sexual comments towards him on 11/7/21; during the escort back to his cell; Plaintiff complained to Defendant Michael Sullivan about his eye; and told defendant Sullivan that he could not see; defendant Sullivan looked into Plaintiffs eye and laughed at him and refused to provide medical care to/for Plaintiff; this took place in HU2-C-D Sally port as Plaintiff was being escorted back to his cell;

• On 11/23/21 Plaintiff put in a 10th HSR about his vision which was taken in the morning by medical Staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• Later that day (11/23/21) Plaintiff was removed from cell 249 and escorted to cell 137 for an interview with Mental Health about the PREA incident; during this interview Plaintiff advised Defendant Gregory Dunmore that he couldn't see and requested a medical emergency for his eye; defendant Dunmore did not report the medical emergency;

• On 11/24/21 Plaintiff put in a 11th HSR about his vision which was taken in the morning by medical staff from Cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 11/29/21 Plaintiff put in a 12th HSR about his eye/vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 11/30/21 Plaintiff put in a 13th HSR about his eye/vision which was taken from cell 249 in HU2; in the morning by medical staff; medical staff did not respond to the medical emergency;

• On 12/1/21 Plaintiff put in a 14th HSR about his eye/vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 12/2/21 Plaintiff put in a 15th HSR about his eye/vision which was taken in the morning by medical staff from cell 249 in HU2; medical staff did not respond to the medical emergency;

• On 12/6/21 during KOP (Keep on Person) Med pass; Plaintiff advised Defendant Michael Sullivan of his eye again, in which defendant Sullivan responded [quoat] "I hope its perminent" [un-quoat];

• On 12/8/21 at approxi. 4:20pm COI Weinberger (first name unknown) called in a medical emergency over the institutional radio after Plaintiff told him that he couldn't see out of his eye; however medical staff did not respond or come to asses Plaintiff;

• On 12/16/21 at approx. (almost 10:30am-11am Count) Defendant Nurse Tiffany came to plaintiffs door at Cell 249 in HU2 and looked in his eye with a flash light through the door window after the CO.'s on shift refused to allow Plaintiff to see medical; defendant Tiffany told him that she didn't have time to see him and that she would set up a appointment for Friday 12/17/21; Plaintiff told defendant that it was an emergency and that he could not see; however, defendant Tiffany refused to asses him or provide him with medical care;

• On 12/17/21 Plaintiff was not allowed by Defendant(s) Auther; John Doe #3; John Doe #4; and John Doe #5 to go to his medical appointment in that they refused to pull him out of his cell in Ad-Seg to go to the appointment;

• On 12/17/21 Plaintiff put in a 16th HSR about his eye/vision which was taken in the morning by medical staff from Cell 249 in HU2; medical staff did not respond to the medical emergency;

- On 12/30/21 at approx. 10am Plaintiff was given a eye exam in HU2-C-cell 137 by Defendant Nurse Bonner, at which time she told him that she didn't know what she was doing or why "they" told her to do it; also at this time Plaintiff was threatened by Defendant(s) Sean Bonner; Billy Smith; and Nurse Bonner to stop putting in HSR's or they were going to put out his other eye;

- On 1/7/22 Plaintiff was seen by Defendant William Lynch who gave him another eye exam but refused to give him any medication for the pain in his eye or solution to rinse/clean out his eye; defendant Lynch also scheduled for Plaintiff to see a outside doctor about his eye;

- On 1/25/22 Plaintiff was taken on an Out-Count to the hospital in Columbia MO, at Mizzou College at which time he was evaluated by a eye doctor;

- Plaintiff was taken to the same hospital again on 3/28/22 and seen by another doctor (eye);

- Plaintiff was taken to the same hospital again on 8/10/22 and was seen by the same doctor (eye) from 3/28/22 and was given a new appointment for him to return to the hospital in 12 months;

- On 8/12/22 Plaintiff was seen by Defendant William Lynch and given an eye exam; during which time the defendant prescribed Plaintiff glasses;

• All "Medical Staff" mentioned in this complaint are/was employees of Defendant Corizon;

• Since the events taking place in this complaint took place Defendant COI ~~Anthony~~ Schulte has been promoted from COI to COI; Also Defendant(s) Amy Olade and Michael Sullivan no longer work at SCCC.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

South Central Correctional Center

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

"Use of Force" & "Medical"

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Two grievances were filed with Case Managers at SCCC. One for excessive force and the other for a denial of medical treatment. Both with SCCC Grievance Office.

2.   What did you claim in your grievance?

(1) That an excessive use of force was used on me on 11/7, (2) & that I was denied medical treatment between 11/7/21 & 1/7/22 after the use of force.

3.   What was the result, if any?

All Grievances were denied. (See ~~Attachments~~ Exhibits #1, 2, &3)

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

See Exhibit #2 for last respose received on matter.

Grievance & Grievance Appeal filed & denied. Yes, the grievance process is complete for the excessive force claim. However, the Grievance Office is refusing to respond to my Grievance for the denial of Medical treatment. I received a response for the IRR and turned in a Grievance on 05/18/2022 however

32 days later I have not received a response.

F.     If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:

      2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

As explained under VII. E. 4. The Grievance Office is suppose to respond to Grievances w/in 30 days. however, they are refusing to answer or allow me to complete the Grievance Process. See Exhibit # 2 for IRR response.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

3.   Docket or index number

4.   Name of Judge assigned to your case

5.   Approximate date of filing lawsuit

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)  _____

Defendant(s)  _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*



3.    Docket or index number



4.    Name of Judge assigned to your case



5.    Approximate date of filing lawsuit



6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition  _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        8 / 14 / 22

Signature of Plaintiff        *Wesley Marks*

Printed Name of Plaintiff        Wesley Everette Marks

Prison Identification #        1270004

Prison Address        255 West Highway 32

Licking                              MO        65542
            *City*                    *State*        *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

            *City*                    *State*        *Zip Code*

Telephone Number

E-mail Address